```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

SOPHEAP PHAT,              :     **CIVIL NO. 4:07-CV-0630**
                           :
         Petitioner        :     (Judge McClure)
    v.                     :
                           :     (Magistrate Judge Smyser)
ALBERTO GONZALES,          :
                           :
         Respondent        :

**REPORT AND RECOMMENDATION**

On April 3, 2007, the petitioner, an alien in the custody of U.S. Immigration and Customs Enforcement (ICE), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges the petitioner's continued detention by ICE.

A hearing was held on June 26, 2007 so that the court could make a factual determination regarding whether there is a significant likelihood of the petitioner's removal in the reasonably foreseeable future. Additional submissions from the respondent were ordered after the hearing.

On July 20, 2007, the respondent notified the court that the petitioner has been released from ICE custody on an Order of Supervision.

Article III of the Constitution provides that the judicial power of the United State shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993). Federal courts lack authority to decide moot cases. *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). If events occur during litigation which eliminate the plaintiff's personal stake in the outcome of the suit, the case must be dismissed as moot. *Rosetti*, *supra*, 12 F.3d at 1224.

Since the petitioner has been released from custody his petition challenging his detention is now moot.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be dismissed as moot and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  July 26, 2007.